## VAN WINKLE *against* CONSTANTINE.

### *Ancient deed; proof of execution.*

THIS case was once before the Court for the Correction of Errors, and is reported in 6 Hill, at p. 177. It was then decided, that the deed of John Van Winkle and Jane his wife, under which the defendant claimed title, and which was executed in 1760, was in form sufficient to convey all the right, title and interest of the grantors, and that it was valid and effectual to convey the wife's estate without any acknowledgment by her. Both points were again controverted on this occasion; the first, on the ground that the copy of the deed passed upon by the Court for the Correction of Errors, was not a correct copy, as it contained in the covenant for quiet enjoyment, the words, "grant and grant," instead of the words, "covenant and grant," which the case now shows to be the true reading of the deed.

*Held*, that the error should have been corrected on the former hearing, if it was material; but that it was not material, as the construction of the deed would be the same with either reading.

On the other point it was insisted, that the decision of the Court for the Correction of Errors was made under the erroneous supposition that the laws known as the "Duke's Laws," established as early as 1665, and the acts of 1683 and 1684, requiring acknowledgments to render deeds valid, had been repealed; while in fact, as appeared from ancient records brought to light since that decision, those laws were all in force in 1760, the date of the deed in question.

On this point the court held, that although an error, if it had occurred, arising from a misapprehension on the part of the court and counsel, as to the existence of a statute, might be corrected, yet it would not be done except where the error was manifest and recent, and not the mere adoption of an opinion long prevalent, which had been sanctioned by the courts, and had become to some extent a rule of property.

The court, however, examined the subject, and came to the conclusion, that there was no error in the decision of this question by the Court for the Correction of Errors; that the laws referred to were not in force when the deed was executed in 1760; and that the deed, without acknowledgment, was valid and effectual to convey the estate of Mrs. Van Winkle.

The death of both subscribing witnesses was proved, and the handwriting of one. *Held*, sufficient proof of the execution of the deed.

(S. C., 10 N. Y. 422.)